UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11248-RGS

| | |
|---|---|
| **SPRAGUE ENERGY CORP.** <br> Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| **CITY OF LOWELL,** <br> Defendant | ) <br> ) <br> ) <br> ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, City of Lowell ("City") in the above-entitled action, and for answer says:

The first unnumbered paragraph is introductory in nature and requires no response. To the extent that it alleges liability on the part of the City of Lowell, said allegation is denied.

### Parties

1. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

2. The City admits the allegations in this Paragraph.

### Jurisdiction and Venue

3. The City admits the allegations in this Paragraph..

### Facts

4. The City admits that a contract with Sprague Energy was entered into on or about July 1, 2003, but denies Plaintiff's characterization of the contract contained in this Paragraph. And further answering, the City states that the contract document speaks for itself.

5. The City admits the allegations in this Paragraph.

6. The City denies the Plaintiff's characterization of the "Natural Gas Sales Agreement" and states that the document speaks for itself.

7. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

8. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

9. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

10. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

11. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

12. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

13. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

14. The City admits that it sought special legislation on behalf of Sprague Energy's invoices but denies all remaining allegations in this Paragraph.

15. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

16. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

17. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

18. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

19. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

20. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

21. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

## COUNT I
## BREACH OF CONTRACT

22. The City repeats and reaffirms its responses to the allegations set forth above and incorporates them by reference as if fully set forth herein.

23. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

24. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

25. The City denies the allegations in this Paragraph and calls upon Plaintiff to prove same.

26. The City denies the allegations in this Paragraph and calls upon Plaintiff to prove same.

27. The City denies that it breached the contract with Sprague but lacks sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

## COUNT II
## QUANTUM MERUIT

28. The City repeats and reaffirms its responses to the allegations set forth above and incorporates them by reference as if fully set forth herein.

29. The City denies the allegations in this Paragraph and calls upon Plaintiff to prove same.

30. The City lacks sufficient knowledge to admit or deny the allegations in this Paragraph.

WHEREFORE the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

## FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell says that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell says that Plaintiff has presently been adequately compensated by Defendant, City of Lowell for natural gas at the subject site commensurate with the work performed and its actual value and quality and therefore to further compensate Plaintiff would result in improper and unjust enrichment to said party.

**THIRD AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that there is no consideration for Plaintiff's contract claim for additional payments as Plaintiff has been compensated adequately under said contract for all allowable work performed.

**FOURTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that it received no consideration for the debt allegedly incurred.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that there was a condition precedent to the payment requested in the Plaintiff's complaint.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that the Plaintiff willfully and intentionally violated the terms of the contract referred to in the complaint in that there was no lack of compliance with M.G.L. c.30B §§32, 33.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that there can be no recovery by the Plaintiff in quantum meruit because, in order to recover against a municipality, there must be a valid contract. Here, the Plaintiff is seeking costs which go beyond those articulated in the contract..

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell says that the Plaintiff has failed to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant, City of Lowell states that any disputes regarding this agreement are subject to binding arbitration.

July 7, 2005                                             CITY OF LOWELL, DEFENDANT

/s Kimberley A. McMahon
Kimberley A. McMahon, Assistant City Solicitor
BBO # 641398
Christine P. O'Connor, City Solicitor
BBO #567645
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Michael P. Connolly, Esq., Murtha Cullina LLP, 99 High Street, Boston MA 02110, via first-class mail, on July 7, 2005

/s Kimberley A. McMahon
Kimberley A. McMahon, Assistant City Solicitor